**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WILDA FORDE,**

       **Plaintiff,**

**v.**                              **Case No: 6:15-cv-624-PGB-GJK**

**UNITED PARCEL SERVICE,**

       **Defendant.**

_____/

## ORDER

This cause is before the Court on Plaintiff Wilda Forde's Motion to Reopen Mediation (Doc. 62) and Defendant United Parcel Service's response in opposition and Motion to Strike (Doc. 63). Upon consideration, Plaintiff's Motion to Reopen Mediation is due to be stricken, and Defendant's Motion to Strike is due to be granted.

Plaintiff initiated this action on April 20, 2015. (Doc. 1). The Court dismissed the Complaint without prejudice on July 14, 2015, for failure to comply with Federal Rule of Civil Procedure 8 (Doc. 3), and Plaintiff filed an Amended Complaint on August 4, 2015, alleging Defendant discriminated against her on the basis of her race, color, and national origin (Doc. 4). On February 1, 2016, the Court granted Defendant's Motion to Dismiss (Doc. 28) and dismissed the Amended Complaint without prejudice, giving her leave to file a Second Amended Complaint on or before February 22, 2016. (Doc. 47). The Court warned Plaintiff that failure

to timely file a Second Amended Complaint would result in the dismissal of the case without further notice. (*Id.* at p. 8). Plaintiff failed to timely file a Second Amended Complaint by this deadline, and the Court closed the case on February 25, 2016. (Doc. 50).

Since then, Plaintiff has submitted a litany of impermissible filings. (*See* Docs. 52, 53, 54, 55, 56, 57, 58, 59). Most recently, on October 12, 2017, Plaintiff filed a Motion to Continue to Complete Mediation (Doc. 60), which the Court struck on November 8, 2017, and stated:

> The Court will additionally take this opportunity to caution Plaintiff, who proceeds pro se, about the consequences of filing further impermissible or other unauthorized filings in this case. This case is closed. **Plaintiff is therefore notified that filing further impermissible filings or other unauthorized filings will result in the imposition of sanctions, including but not limited to monetary fines or the revocation of Plaintiff's right to initiate or continue lawsuits in this Court. Plaintiff's failure to comply with this Order may also result in the Court finding her in contempt and issuing a warrant for her immediate arrest.**

(Doc. 61) (emphasis in original).[1]

Now Plaintiff brings the instant Motion to Reopen Mediation in blatant defiance of the Court's November 8, 2017, admonition. (Doc. 62). Defendant

---

[1] On October 6, 2017, Plaintiff filed another action against Defendant in this Court, which was assigned to the undersigned, *Forde v. United Parcel Serv.*, Case No. 6:17-cv-01737 (M.D. Fla. Oct. 6, 2017). On November 6, 2017, the Court struck the Complaint, finding the allegations to be "largely identical to the claims pressed" in the previous lawsuit. *Forde*, Case No. 6:17-cv-01737, Doc. 7 at 1 (M.D. Fla. Nov. 6, 2017). The Court again warned Plaintiff that "filing further impermissible filings or other unauthorized filings will result in the imposition of sanctions, including but not limited to monetary fines or the revocation of Plaintiff's right to initiate or continue lawsuits in this Court. Plaintiff's failure to comply with this Order may also result in the Court finding her in contempt and issuing a warrant for her immediate arrest." *Forde*, Case No. 6:17-cv-01737, Doc. 7 at 3 (M.D. Fla. Nov. 6, 2017) (emphasis removed).

requests that the Court strike the Motion to Reopen Mediation as yet another impermissible filing. *See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Plaintiff did not submit a response to Defendant's Motion to Strike.

Given that this case is closed—and has been closed for over six years—the Motion to Reopen Mediation is certainly untimely and immaterial, and it is redundant of the previously-stricken Motion to Continue to Complete Mediation. Moreover, Plaintiff's repeated disregard for the Court's Orders warrant the imposition of appropriate sanctions. Thus, the Court exercises its inherent authority to manage its own docket, strikes the Motion to Reopen Mediation, and imposes sanctions upon Plaintiff.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Strike the Motion to Reopen Mediation (Doc. 63) is **GRANTED**.

2. Plaintiff's Motion to Reopen Mediation (Doc. 62) is **STRICKEN**.

3. Henceforth, any pleading or other filing that Wilda Forde presents to the Clerk's Office in the Orlando Division for filing shall be specially handled in the following manner. Rather than filing the pleading and opening a new case, and rather than filing a motion, notice, or any other submission in the instant case, or in any previously opened case

before the undersigned, the Clerk's Office shall forward it to the senior United States Magistrate Judge. *Copeland v. Green*, 949 F.2d 390, 391 (11th Cir. 1991) (upholding pre-filing screening requirements).

a.   The Magistrate Judge will determine whether the pleading or other filing has arguable merit, a material basis in law and fact. No abusive, frivolous, scandalous, duplicitous, or otherwise impertinent pleading or other filing shall be permitted. If the pleading or other filing is arguably meritorious and is not abusive, frivolous, or duplicitous, the Magistrate Judge shall issue an order so stating and shall direct the Clerk of Court to file the pleading for a normal assignment, or to file the other filing in the appropriate previously opened case before the undersigned. Such order shall be docketed along with the pleading in the new civil case, or with the other filing in the appropriate previously opened case before the undersigned.

b.   If the Magistrate Judge determines that the tendered pleading or other filing has no arguable merit or is abusive, frivolous, scandalous, or duplicitous, the Magistrate Judge shall enter an order so finding, in which event the pleading or other filing will not be filed with the Court. Instead, the Clerk's Office shall return the original tendered pleading or other filing to Wilda Forde after making a copy for the Court. The Magistrate Judge's

order determining that the tendered pleading or other filing has no arguable merit and the copy of the tendered pleading or other filing shall both be filed in the miscellaneous case referenced in Paragraph 4 of this Order. <u>Upon a finding that a tendered pleading or other filing lacks arguable merit or is abusive, frivolous, or duplicitous, Wilda Forde shall be subject to a monetary sanction in the amount of $500.00 per case and such other sanctions as the Court deems appropriate.</u>

4. The Clerk of Court is **DIRECTED** to open a miscellaneous case and shall file this Order in that case, as well. Hereafter, any order determining that a pleading or other filing tendered by Wilda Forde has no arguable merit or is abusive, frivolous, or duplicitous shall also be filed in the miscellaneous case, along with a copy of the pleading or other filing in question.

5. The remedial measures imposed by this Order are in no way intended to restrict other judges' authority to impose sanctions, if appropriate, in other cases that Wilda Forde may have already filed in this Court.

6. On or before July 25, 2022, the United States Marshal shall personally serve Wilda Forde with a copy of this Order and shall promptly file a return of such service thereafter.

**DONE AND ORDERED** in Orlando, Florida on July 11, 2022.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties